**MAHONEY v. CHAPMAN, Superintendent of Florida State Prison.**

No. 12632.

United States Court of Appeals
Fifth Circuit.

March 28, 1949.

See also, 5 Cir., 169 F.2d 130.

James J. Mahoney, of Raiford, Fla., in pro. per.

Richard W. Ervin, Atty. Gen. of Florida and Reeves Bowen, Asst. Atty. Gen. of Florida, for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

PER CURIAM.

The District Judge heard full evidence, which was in conflict, and held that no request for appointment of counsel was made in the State court trial. He held also that the real question was whether the petitioner for habeas corpus, who undertook to represent himself in the trial, in view of his age, education, experience and circumstances, received due process of law under the Fourteenth Amendment of the federal Constitution as interpreted and applied in Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270. He held that the petitioner was over thirty years old and showed a marked degree of adroitness in his trial and considered himself competent to defend himself and preferred to do so; and had had several experiences in the criminal courts; and that the charge was a simple one of embezzlement of money as a hotel clerk. The evidence is that he had a tenth grade public school education, and there was no showing of friendlessness or oppression. He did ask the judge for access to the court house library to prepare his defense, and the judge advised him there was no such library and the State did not furnish books of any kind to prisoners. This does not deprive of any constitutional right, nor amount to oppression invalidating the subsequent trial. "We are not disposed to disagree with the findings and conclusion of the District Court. Its determination was a purely factual one * * *. This is a judgment which is peculiarly within the province of the trier of facts based upon personal observation of Wade (Mahoney). And we do not find the District Court's determination was clearly erroneous." Wade v. Mayo, supra.

Judgment affirmed.